PAUL BELL V. STATE.

No. 24718. March 29, 1950.
Motion for Rehearing Denied May 17, 1950.

*Ross Hardin,* Fort Worth, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged by indictment with passing as true a false and forged instrument in writing, and upon being found guilty by a jury, he was assessed a penalty of five years in the state penitentiary. He appeals.

It is shown herein that appellant was placed in jail sometime in July, 1949, this offense being alleged to have occurred in April, 1949. Soon after his arrest, appellant made a state-

ment relative thereto and seemed ready to plead guilty to such charge, but the reason he did not do so was the refusal of the district attorney to agree to his request for a suspended sentence.

This cause was called prior to the day of trial and appellant stated to the court that his brother and sister were on their way to Wichita Falls with a lawyer for him, so the trial court passed such case to the succeeding day, on which these persons failing to appear, appellant was told by the trial court that he would appoint an attorney to conduct his defense, and a practicing attorney of that county was thus appointed. Appellant refused such services and demanded that he have the services of Sam Spence who had tried a case in this same court the previous day in appellant's presence, although appellant, who claimed to be possessed of $800.00 in money, had not spoken to Mr. Spence relative to undertaking his defense. Thereupon the court informed appellant that Mr. Spence was in Oklahoma engaged in the Federal Court, but that he would appoint another attorney, whose services were also refused by appellant, who stated that he wanted no other attorney. Whereupon he was called upon to plead to the indictment, and he responded in the following words:

"MR. BELL: Well, I am pleading guilty for one reason that I am guilty and I am denied my defense.

"THE COURT: In that case, the Court will enter a plea of not guilty for you."

This case then proceeded to trial in the absence of any attorney for the appellant, although the court directed the last appointed attorney (Mr. Charles Butts) "to stay round; if he changes his mind, why he can have counsel."

The only bill of exception herein found relates to certain questions propounded to appellant while he was on the witness stand in his own behalf. He was interrogated relative to many indictments in different counties in Texas, all charging felonies or misdemeanors involving moral turpitude, none of which were categorically denied by appellant. We think these transactions were admissible relative to his credibility as a witness. See Branch's Ann. Tex. P. C., p. 101, sec. 167.

We find no error shown in the record, and the judgment is therefore affirmed.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant's motion for rehearing reads as follows:

"Now comes the appellant and moves the Court to set aside the judgment of affirmance rendered and entered herein on March 29, 1950, and grant a rehearing of this cause, for the following reasons, to-wit: That the Appellant's attorney wishes to appear before this Honorable Court in person and argue this case before this Honorable Court."

Nothing is presented by such motion for review, and no attorney has appeared or filed brief or argument in support of the request for rehearing.

The case has been properly disposed of and appellant's motion for rehearing is overruled.

Opinion approved by the court.